JACOB FALLO, INC., v. DURR

---

(April 12, 1926, Opinion and Decree)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Obligations—Par. 78, 80, 87.**

"A contract should not be so construed as to render important expressions meaningless. If the ambiguity is attributable to one party, it should be dispelled in the sense most favorable to the other."

2. **Louisiana Digest—Obligations—Par. 76, 83.**

Where conflicting clauses or sentences in a contract of agency compel the elimination of one as against the other, the contract should be given that construction which was most probably the intention of the parties.

Appeal from Civil District Court, Parish of Orleans, No. 133,159, Division "E". Hon. Wm. H. Byrnes, Jr., Judge.

Action by Jacob Fallo, Inc., against Charles Durr.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Jos. Rosenberg, of New Orleans, attorney for plaintiff, appellee.

W. W. Wright, of New Orleans, attorney for defendant, appellant.

BELL, J.    Plaintiff claims commission as a real estate broker for having procured, as he alleges, a purchaser for defendant's property under a written contract reading in part as follows:

"New Orleans, June 15, 1920.
"I hereby grant you for the period of twenty days from above date, and thereafter unless this agreement is revoked by thirty days' written notice delivered to you personally, exclusive right to sell for me the following described property, etc."

There was judgment for plaintiff awarding him commissions as claimed. Defendant has appealed.

The execution of the contract is admitted by defendant, but he alleges as a defense to the suit that the contract of the plaintiff had expired when defendant, through another agent, sold the property to the same party whom plaintiff claims to have secured as a purchaser of the property. It is further contended by defendant that the document when signed by him contained no provision regarding the extension of the contract beyond the twenty days therein stipulated; that he specifically refused to give the plaintiff authority to act as his agent for a longer period than twenty days from date of the contract and that in compliance with this particular understanding the document was altered by striking or erasing therefrom in pencil, the printed words reading: "And thereafter unless this agreement is revoked by thirty days' written notice delivered to you personally."

Defendant further avers that no copy of the document was given him and that after the original was signed and surrendered to plaintiff that plaintiff rubbed out the pencilled-erasure referred to, thus causing the contract to read as first above quoted. Fraud in this respect is charged against the plaintiff. It is finally averred:

"That in any event the contract contained an impossible condition, as the life of the contract was for twenty days only and, therefore, the plaintiff had notice of its termination at the time the agreement was executed."

While the record contains extensive and uncontradicted testimony regarding the drafting of the contract, as well as contemporaneous erasures claimed by defendant, and although the document itself presents to the naked eye some indications that the printed words, though probably erased in pencil, were subsequently restored to clear reading after defendant's surrender of the documents, we are of the opinion that a correct determination of the issues arising in this case is not dependent upon the proof of fraud as alleged.

The first sentence in the written contract, to-wit: "I hereby grant you for the period of twenty days from above date", are patently inconsistent with the sentence immediately following, and which defendant claims was erased before he signed the contract. The two sentences or clauses are wholly incompatible. Had the period of agency, to-wit: "Twenty days", granted by the defendant as indicated by the first sentence been more than thirty days, that is for two or more months, the clause supposed to have been erased would have had some significance and would have doubtlessly governed and fully expressed the limitation of agency about which the parties intended to contract.

Under the rule of construction indicated by this court in the case of Bahns vs. Carriere, 13 Ct. of App. 290, we are of the opinion that the contract under consideration and containing, the ambiguity already noticed should be construed against the plaintiff, whom the evidence shows was the party framing the document under consideration.

It is plain that the life of the contract did not extend beyond twenty days from date. It follows, therefore, that the contract must be held to have expired on July 5, 1920. The evidence in this case shows that the plaintiff, through its predecessor. The firm known as "Fallo & Short", did not receive an offer for the purchase of defendant's property until July 7, 1920, at which time the ultimate purchaser offered, in a letter written to Fallo & Short, to buy defendant's property for $14,000.00, and that the writer limited the time for the acceptance of this offer to "July 12 at noon". The contract of agency having expired at the time this offer was submitted to Fallo & Short and refused by the defendant, (the amount offered being $3000.00 less than stipulated in defendant's contract with plaintiff), it cannot be said that there were any contractual relations whatever existing between the parties to this suit at the time that defendant ultimately sold the property through another agent on July 26, 1920. The purchaser of defendant's property testifies that she had some dealings with the firm of Fallo & Short, but that long prior to her purchase made through another agency, she had refused to deal further with the plaintiff. Be that as it may, the fact that the contract sued upon had expired at the time of the ultimate sale on the date last noted defeats plaintiff's claim to any commissions.

It is therefore ordered that the judgment appealed from be set aside and reversed and that there now be judgment for defendant, Charles Durr, and against Jacob Fallo, Inc., dismissing its claim with costs in both courts.